UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Anthony Mathis, #101687, | ) | C/A No. 6:07-2950-CMC-WMC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **Report and Recommendation** |
| General Session Court, and Sheriff Department, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

## Introduction and Factual Background

The petitioner, Anthony Mathis, proceeding *pro se*, filed a habeas petition pursuant to 28 U.S.C. § 2254. The petitioner is a pre-trial detainee at the Sumter-Lee Regional Detention Center, and he alleges that he has been in custody for at least twenty-one months awaiting trial for a charge of armed robbery in Sumter County and for a charge of armed robbery in Lee County. He alleges that he has requested a speedy trial to no avail and that his Constitutional rights have been violated during the state court pending criminal proceedings. The petitioner named as defendants the "General Session Court" and the "Sheriff Department," and he requests that this United States District Court order that the state court charges against him be dismissed for lack of evidence.

## *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in the above-captioned case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. § 1915, the Anti-Terrorism and

Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This Court is required to construe *pro se* petitions liberally. *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007). Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *Hughes*, 449 U.S. at 9. However, even under this less stringent standard, the petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Furthermore, even if the plaintiff had paid the full filing fee, this Court is charged with screening the plaintiff's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules governing 2254 and Habeas Corpus cases.

**Discussion**

The criminal charges in question are pending in the Court of General Sessions for Sumter and Lee Counties, and, therefore, this Court construes the petitioner's habeas

petition as pursuant to 28 U.S.C. § 2241.  The petitioner completed a § 2254 petition, but that habeas remedy is available for a person who claims to be in custody illegally pursuant to a *judgment* of a state court (i.e., a criminal conviction).  Because the petitioner has not yet been convicted, he is not in custody pursuant to a judgment.  Both federal remedies of a writ of habeas corpus under 28 U.S.C. § 2241 and a writ of habeas corpus under 28 U.S.C. § 2254 can only be sought *after* the petitioner has exhausted his state remedies.  *See* 28 U.S.C. § 2254(b); *Picard v. Connor*, 404 U.S. 270 (1971); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-491 (1973) (exhaustion also required under 28 U.S.C. § 2241); and *Moore v. De Young*, 515 F.2d 437, 442-443 (3rd Cir. 1975) (exhaustion required under 28 U.S.C. § 2241).[1]  "It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas.  Claims not so raised are considered defaulted."  *Beard v. Green*, 523 U.S. 371, 375 (1998) (*citing Wainwright v. Sykes*, 433 U.S. 72 (1977)).  Hence, pre-trial detainees in state criminal proceedings must exhaust their state remedies before seeking federal habeas corpus relief.  *Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980).

       The Sumter and Lee County Courts of General Sessions are courts in the State of South Carolina's unified judicial system.  *See* Article V, Section 1 of the Constitution of the State of South Carolina ("The judicial power shall be vested in a unified judicial system, which shall include a Supreme Court, a Court of Appeals, a Circuit Court, and such other courts of uniform jurisdiction as may be provided for by general law."); *City of Pickens*

---

[1] Exhaustion is statutorily required by 28 U.S.C. § 2254; whereas, when a petition for writ of habeas corpus is brought by a state prisoner pursuant to 28 U.S.C. § 2241, the exhaustion of state remedies is a judicially created requirement.

3

*v. Schmitz*, 376 S.E.2d 271, 272 (1989); *Spartanburg County Dep't of Social Serv. v. Padgett*, 370 S.E.2d 872, 875-876 & n. 1 (1988). If the petitioner is convicted and sentenced in his pending criminal cases, he has the remedy of filing a direct appeal. *Cf. State v. Northcutt*, 641 S.E.2d 873 (2007). If his direct appeal is unsuccessful, the petitioner can file an application for post-conviction relief. *See* S.C. Code Ann. § 17-27-10, *et seq*. Moreover, if a South Carolina prisoner's application for post-conviction relief is denied or dismissed by a Court of Common Pleas, he or she can file an "appeal" (petition for writ of *certiorari*) in that post-conviction case. *See* S.C. Code Ann. § 17-27-100; and *Knight v. State*, 325 S.E.2d 535, 537 (1985).[2]

It is well settled that a direct appeal is a viable state court remedy. *Castille v. Peoples*, 489 U.S. 346, 349-352 (1989). Further, the United States Court of Appeals for the Fourth Circuit has held that South Carolina's Uniform Post-Conviction Procedure Act is also a viable state-court remedy. *See Miller v. Harvey*, 566 F.2d 879, 880-881 (4th Cir. 1977); and *Patterson v. Leeke*, 556 F.2d 1168, 1170-1173 (4th Cir. 1977). Applications for post-conviction relief are to be filed in the Court of Common Pleas for the county in which a South Carolina prisoner was convicted in a Court of General Sessions.

Absent extraordinary circumstances, federal courts are not authorized to interfere with a state's pending criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 44 (1971); *Harper v. Public Serv. Comm'n of West Va.*, 396 F.3d 348, 351-52 (4th Cir. 2005)

---

[2] The Supreme Court of South Carolina has authorized the South Carolina Court of Appeals to hear petitions for *certiorari* in post-conviction cases upon referral from the Supreme Court of South Carolina. *See Dunlap v. State*, 641 S.E.2d 431 (2007) ("In appeals from criminal convictions **or post-conviction relief matters**, a litigant is not required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error." (emphasis in original)).

(noting that criminal law is a core source of state authority and that "[c]riminal proceedings are, perhaps, the most obvious example of the states' sovereign authority 'to perform their separate functions in their separate ways.'"); *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 50-53 (4th Cir. 1989).  In *Cinema Blue of Charlotte, Inc. v. Gilchrist*, the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. *Id.* at 52.  *See also Bonner v. Circuit Court of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975) (*en banc*) (noting that "... federal courts should permit state courts to try state cases, and that where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review.").

The Sixth Amendment, which, *inter alia*, provides that criminal defendants have the right to a speedy trial, is imposed by the Due Process Clause of the Fourteenth Amendment on the different states. *See Barker v. Wingo*, 407 U.S. 514, 515 (1972).  Even so, in light of the petitioner's failure to exhaust his state remedies and because no extraordinary circumstances exist, it is unnecessary for this Court to conduct a full analysis of the four-part "speedy trial" balancing test set forth by the Supreme Court in *Barker. Id.* The face of the petition reveals that the petitioner filed at least three motions (in January, March, and July 2007) with the Sumter County and Lee County Courts of General Sessions raising a variety of Constitutional issues; hence, those courts have been apprised of the petitioner's complaints and can proceed accordingly.[3]

---

[3] Notably, the petition reveals that the petitioner is represented by counsel in the state courts.

Because the petitioner has not been convicted and has yet to exhaust at least four (4) viable state court remedies -- a criminal trial, a direct appeal, an application for post-conviction relief, and an "appeal" (petition for writ of *certiorari*) in the post-conviction case --, this Court should not keep this case on its docket while the petitioner is exhausting his state court remedies. *See Galloway v. Stephenson*, 510 F. Supp. 840, 846 (M.D.N.C. 1981) ("When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition.").[4]

**Recommendation**

Accordingly, it is recommended that the above-captioned case be dismissed *without prejudice* and *without requiring the respondent to file a return* because the petitioner has not exhausted his state court remedies. *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (district courts are charged with the duty to independently screen initial filings and dismiss those actions that plainly lack merit without requesting an answer from the respondent); and the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214.

***The petitioner's attention is directed to the important notice on the next page.***

September 13, 2007                                s/William M. Catoe
Greenville, South Carolina                        United States Magistrate Judge

---

[4] The petitioner should note that the proper respondent in a habeas action is the prisoner's custodian (i.e., the Warden of the Correctional Institution or the Director of the Detention Center). *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004).

6

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

7